MacCOLL v. KNOWLES LOOM WORKS.

(Circuit Court, D. Massachusetts. April 26, 1898.)

No. 817.

1. PATENTS—NUMEROUS CLAIMS—SUIT ON ONE.
When a suit is based on only one of a large number of claims, care must be taken that the claim in issue does not receive improper breadth and color from those not in issue.

2. SAME—CONSTRUCTION OF CLAIM.
It is settled law that a use not known when a patent is applied for is ordinarily as well protected as one then known, if fairly covered by the claims, but it is equally well settled that a claim cannot be broadened in its proper construction by a function afterwards discovered; and a new use is not protected unless it is inherent in the patent.

3. SAME—LAPPET LOOMS.
The MacColl patent, No. 570,259, for improvements in lappet looms, construed, and held not infringed as to claim 1.

This was a suit in equity by James R. MacColl against the Knowles Loom Works for alleged infringement of claim 1 of letters patent No. 570,259, issued October 27, 1896, to complainant for improvements in lappet looms.

Maynadier & Mitchell, for complainant.

John C. Dewey and Fish, Richardson & Storrow, for defendant.

PUTNAM, Circuit Judge. There are 11 claims in this patent, each for some separate element in a lappet loom. The suit rests on only one of them. Therefore, as was said by the circuit court of appeals for this circuit in Eppler Welt Mach. Co. v. Campbell Mach. Co., 86

Fed. 141, it is necessary "to make sure that the claim in issue does not receive improper breadth and color from those not in issue."

The claim in suit is as follows:

"In a pattern chain for lappet looms, the combination of the bar links, with adjustable pattern screws or pins, the varying positions of which relatively to the bar links govern the form and position of the lappet pattern, substantially as described."

The "substantially as described" refers to the usual drawings and to the following portions of the specification. The letters of reference we have striken out, as the extracts sufficiently explain themselves without them. The chain is, of course, run over a "sprocket roll" or "sprocket wheel." The specification says:

"The sprockets of the sprocket roll enter the vacant spaces between the parallel bar links of the pattern chain, the said bar links being connected to each other by means of the wire links. The bar links are provided with the screw-threaded split lugs, in which are inserted the pattern screws, the said screws being clamped in their proper position by means of the tightening screws which operate to draw the sides of the split lugs together against the sides of the screws, and the pattern to be formed in the woven web by the action of the needles will be governed by the relative positions of the forward ends of the pattern screws of the chain, the said forward ends coming successively into engagement with the cams and which are connected by means of the rods and with the needle frames."

The following important element was brought into the specification by amendment:

"The rear ends of the bar links being supported against backward movement and held in the same plane by means of the head of the sprocket wheel."

The remaining essential parts of the specification are as follows:

"In weaving lappet patterns on various qualities of goods it is necessary to have the needles capable of such accurate adjustment by the pattern screws or pins that they may be raised with positive certainty through a space equal to the slight distance between the centers of the dents of the reed or an exact multiple thereof; otherwise an imperfect pattern will be produced. Heretofore it has not been deemed practicable to apply the pattern screws or pins which serve to govern the position and form of the lappet pattern to a loosely-driven pattern chain, owing to the apparent looseness and unreliability of the many-jointed construction for such delicate and accurate adjustment as is in the nature of the case required; but the pattern screws or pins have only been applied to the peripheries or sides of rigid disks or wheels, which are adapted by means of closely-fitting shafts and bearings for revolution in a true circle or in a fixed plane without liability of looseness or change therein. * * * My improvement in lappet looms is adapted for application to ordinary cotton and woolen looms already in use, whereby the principle of lappet weaving may be successfully employed in such looms; and it consists in the employment of a pattern chain provided with adjustable pattern screws or pins to govern the form and position of the lappet pattern, and in the improved construction and arrangement of the lappet mechanism, as hereinafter set forth."

These extracts sufficiently show the purpose and nature of the combination covered by the claim in issue. They also admit, what is also clearly proven in the record, that the suggestion of pattern chains in lappet looms was old, and that "pattern screws or pins" were old in the disks or wheels commonly used in lappet looms for the same purpose for which the chain in issue is intended. The proofs show that the "pattern screws or pins," used in wheels or disks, were set perpendicularly to the axis of the wheel, and not par-

allel thereto. The alleged infringer in this suit uses pattern chains and pins, but the pins are set perpendicularly, as in the common wheel or disk; nevertheless the complainant claims that his patent shall be construed so broadly as to cover them.

If the claim in issue were in this respect of a primary character, and could be construed broadly, it would be plain that the use of perpendicular pins would ordinarily be held an equivalent, or a merely colorable subterfuge, and that such use would therefore infringe; but, though we have searched the record carefully, we find nothing in it to sustain such a construction. The claim itself, in connection with the portions of the specification which appertain to it, relates on the face to mere mechanical details. As we said at the opening of this opinion, there is nothing to show that the combination in this claim, independently of the matters covered by the other claims, marked any special advance in the art. The complainant himself, in his own testimony, gives credit to his other improvements, in connection with this one, in language which permits no discrimination in behalf of the latter. Moreover, so far as can be discovered from the specification, the whole merit of the device appears to be that, by placing his pins parallel to the axis of the sprocket wheel, and by the support given by the head of the wheel to the bar links, shown by the matter introduced by amendment, as we have already stated, the alleged looseness of prior constructions was overcome. The complainant refers to this in his evidence, as follows:

"(35) You have stated that it is one distinguishing feature of your lappet chain that it gives equal steadiness and accuracy in the pattern to what can be obtained from any wheel. Will you please point out by what mechanical devices, if any, such steadiness is secured in the pattern chain shown in your patent No. 570,259? Ans. The end of each link of the pattern chain rests upon a fixed abutment, and is pressed against it so that there is no chance of any lack of steadiness or accuracy."

Apparently, the defendant has either failed to overcome this defect, or else has overcome it without arranging the pins parallel to the axis of the sprocket wheel, and thus without using the method of construction devised by the complainant. However this may be, we have seen that the chain, as a mere chain, was an old suggestion, and the application of the pins to it so far involves an analogous art as not to mark such an advance as would entitle it to a construction so broad as to cover every use of them. The circumstances under which an application of an old device to an analogous use entitles a patentee to a broad construction of his patent were carefully explained by the circuit court of appeals for this circuit in Heap v. Tremont & Suffolk Mills, 27 C. C. A. 316, 82 Fed. 449, 456, and it is clear the case at bar does not come within those circumstances.

But a function is claimed for complainant's device which we ought not to overlook. The pins, as shown in the drawings, alternate with relatively long and short projections, the effect of which is best explained by complainant's expert, Metcalf, as follows:

"The truth is that, of the various mechanisms which have heretofore been discussed in this suit, some are essentially line-pattern mechanisms, some are essentially solid-pattern mechanisms, and some are equally adapted to both purposes. It is also a fact that, between the solid-pattern mechanisms.

there are differences in mode of operation which need to be thoroughly considered in any examination of the question of what advance in the art of lappet weaving is represented by any one of them. For example, the use of an ordinary cam like that shown in Fig. 6 of Nomico & Heyes' British patent is appropriate to the production of a line figure only; the use of a 'lappet wheel' (that is to say, a wheel bearing a groove which is irregularly shaped both as to width and direction), in combination with vibrator mechanism to throw a pin first against one wall of the groove and then against the opposite wall of the groove, is appropriate to the production of a solid figure only; and the use of the MacColl chain is equally appropriate to the production of a line pattern or a solid pattern, or an alternation of line and solid pattern, although the practical importance of using a MacColl chain instead of some other device relates mainly to the production of solid patterns. * * * An alternation of relatively long and short projections, or pins, or surfaces, of the pattern chain, produces such a series of locations of the needle bar at the times of the insertions of the needles into the warp as will arrange lappet stitches crosswise of the general line of the pattern, and thus produce a solid lappet figure, in which the variation in the lengths of successive stitches determines the form of the figure by determining the variations of its width, and the variations in the locations of the successive stitches determine those changes in the position of successive parts of the figure which give it varying direction. The relatively short pins of the pattern chain correspond with the stitch holes of one edge of the pattern in the cloth, and the relatively long pins correspond to the stitch holes at the other edge of the pattern in the cloth; that is to say, they correspond as to their varying distance from a straight line drawn lengthwise of the chain and a straight line drawn lengthwise of the cloth. For this reason, one edge of the figure will be a copy of a line drawn through the operative ends of the short pins, and the other edge of the figure will be a copy of a line drawn through the operative ends of the long pins which alternate with the short pins. This relation of a guiding or locating device to a tool or implement, which produces a figure by variations in its successive positions in what is commonly referred to in speaking of a certain device as a templet, and this templet characteristic of the MacColl chain, is what I have heretofore pointed out as one of the things which distinguish it, as to mode of operation, from those chains of the prior art which most nearly resemble it in construction."

It is claimed that this alternation of relatively long and short pins thus performs a new function, and that defendant's machine also performs the same function by the same variations, and that, therefore, infringement follows. This function is nowhere suggested in the patent.

It is settled law that a use not known when a patent is applied for is ordinarily as well protected as one then known if fairly covered by the claims. It is also equally well settled that a claim cannot be broadened in its proper construction by a function afterwards discovered. Heap v. Tremont & Suffolk Mills, 27 C. C. A. 316, 82 Fed. 449, 457, already cited. It must also be the law that a new use is not thus protected unless it is inherent in the patent. The use to which the complainant's expert thus refers, and which has been urged on us with great force by the complainant at the argument at bar, is not thus inherent, because it is plain that claim 1, in issue here, covers every arrangement of pins in lines parallel to the axis of the sprocket wheel; that it is not in any way limited by its terms, or by the specification, to "relatively long and short projections or pins"; and that a chain with parallel pins, supported by the head of the sprocket wheel as shown in the patent, would infringe, whether thus "relatively long and short" or not. Let there be a decree, under rule 21 (21 C. C. A. civ., and 78 Fed. civ.), dismissing the bill, with costs.