## MacCOLL v. CROMPTON LOOM WORKS.

### (Circuit Court, D. Massachusetts. April 26, 1898.)

### No. 818.

1. PATENTS—LAPPET LOOMS.

The MacColl patent, No. 570,259, for improvements in lappet looms, construed, and *held* not infringed as to claims 1 and 6.

2. SAME—CONSTRUCTION OF CLAIM.

A patentee of a lappet loom, who was not the first to devise hanging a pattern chain or other pattern device on the loom-frame, is limited, so far as concerns this feature of his patent, to what is an equivalent of the precise device by which he accomplished that result.

3. SAME—LAPPET LOOMS.

The MacColl patent, No. 570,260, for improvements in lappet looms, construed as to claims 1 and 2, and *held* not infringed.

This was a suit in equity by James R. MacColl against the Crompton Loom Works for alleged infringement of letters patent Nos. 570,259 and 570,260, both issued October 27, 1896, to the complainant for improvements in lappet looms. Claims 1 and 6 of the former patent and claims 1 and 2 of the latter were in issue.

Maynadier & Mitchell, for complainant.

Frederick L. Emery and Fish, Richardson & Storrow, for defendant.

PUTNAM, Circuit Judge. This suit relates to claims 1 and 6 of the patent in issue in MacColl v. Knowles Loom Works, in which case we this day passed down an opinion (87 Fed. 727), and also to claims 1 and 2 of patent No. 570,260, issued October 27, 1896, for additional improvements in lappet looms. Claim 1 of the first-named patent is set out in the other opinion referred to, and it is conceded that our disposition of it in the other case requires a similar disposition here. Claim 6 of the same patent is as follows:

"In a lappet loom, the combination of a needle bar and pattern-chain mechanism, with intermediate engaging mechanism for causing the desired movement of the needles into the shed, the pattern-chain mechanism being adapted to govern the longitudinal position of the needle bar, and control the operative connection of the needle bar with the engaging mechanism, whereby the said engaging mechanism may be caused to remain inoperative at any desired point in the pattern, substantially as described."

The complainant's expert testifies that the chain embraced in this claim is the same chain covered by claim 1, and it was so maintained by the complainant at the hearing. As our disposition of the other case holds that the defendant does not use the complainant's chain, it results that claim 6 of the first-named patent follows the fate of claim 1.

The claims of patent No. 570,260, in dispute, are as follows:

"(1) In a lappet loom, the combination of the lay, and the needle bar carried by the lay, with the pattern pins or projections and the engaging rod held independently of the lay, and a sliding connection between the needle bar and the engaging rod, substantially as described. (2) In a lappet loom, the combination of the lay, and the needle bar carried by the lay, with the pattern pins or projections and the engaging rod held independently of the lay, means for holding the engaging rod against the pattern pins or projections, and a sliding connection between the needle bar and the engaging rod, substantially as described."

It is conceded that, for the purposes of this suit, these claims are substantially the same, so that we need consider at length only claim 1. The specification contains no description of the principle or purpose of this improvement, and no account of it beyond the annexed drawings and the enumeration of the several parts of the device. The proofs, however, make clear that the purpose was to mount the chain on the frame of the loom, and thus to relieve the lay from carrying its weight. This was a useful purpose, though clearly not new in the art of lappet looms. In order to make this mount, it is necessary to make use of some means for always keeping the elements of the chain, which are to have a fixed position, in proper gear, or in other proper relation, with the needle bar, which is to be constantly oscillating. To make a connection of this nature for the first time required ingenuity.

The method in which the complainant accomplished his purpose was very simple. It was by attaching to his engaging rod a double guide at a right angle to it, of sufficient length to cover the entire swing of the lay. An arm, which is connected with the needle bar, is given by the sides of the guide a motion in lines in prolongation of the pins which lie on the periphery of the chain pattern and parallel to its links, while the arm plays freely in the guide through the full throw of the lay. As pictured in the complainant's drawings, this device adapts itself to a pattern chain constructed according to complainant's peculiar method; but its principle admits of a reconstruction which would adapt it to a pattern chain in which the pins are set perpendicularly, as in the defendant's loom.

There is nothing on the face of the complainant's patent to entitle him to a construction of his claims which would cover anything more than his peculiar guide and the accompanying parts, as described in the specification. Of course, the doctrine of equivalents is to a certain extent a rule of proportions; and if the complainant had been the first to devise hanging a pattern chain, or other pattern device, on the loom frame, he might be entitled to cover by that doctrine almost every known method of bringing the parts into gear. But, as he was not the originator of this generic idea, he is limited to what is an equivalent of the precise device by which he accomplished that result. Looking at this limitation, the defendant's method seems to us radically different. While the complainant makes his connection in the simple manner we have explained, the defendant uses the complex, but well known, method of accomplishing the result through the common axis of motion of the loom frame and the lay. In its loom, the pattern pins being at a right angle to the axis of the sprocket wheel, a lever rests on the pins. From this lever a rod extends down to a horizontal bar, which is pivoted near the axis of the lay, and is connected at its other end with a bell-crank lever, the upper arm of which is attached to the needle bar. Thus, as the first lever rises or falls with the successive links of the pattern chain, the intermediate lever pulls the needle bar from one side to the other, and the pattern chain, which is on the loom frame, is thus in proper connection with the needle bar on the lay. The mechanical laws which control the actuation of the connection made by the complainant's device are

wholly different from these relating to the defendant's.    In the latter, there is no guide, nor need of any, as the line of force proceeds continuously from the pattern chain to the needle bar through substantially a common axis of motion.

This case and the complainant's suit against the Knowles Loom Works have compelled much attention from the court, in which it has been very greatly assisted by the counsel on each side; but, as the questions involved are wholly of fact, nothing would be gained by further elaboration of them.    On the whole, we think the complainant must rely for his market, as against the defendant, on the simplicity of his mechanical device, and not on his patent.    Let there be a decree under rule 21 (21 C. C. A. civ., and 78 Fed. civ.), dismissing the bill, with costs.